**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 3:05-CR-79-BES-VPC |
| ) Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| ADAM JOHN DUKES, ) | |
| ) Defendant. ) | |
| _____ ) | |

Defendant Adam John Dukes ("Defendant") filed a Motion to Dismiss the indictment (#16) on October 3, 2005. The United States of America filed its Response (#19) in opposition to the motion on October 24, 2005.

**BACKGROUND FACTS**

Defendant was indicted on April 13, 2005, for violating 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm by persons who have been previously convicted of a crime punishable by a year. (Indictment #1). Defendant's prior conviction was for a 2002 state court burglary charge, a third degree felony, and for illegal possession of a controlled substance, also a third degree felony. (Motion to Dismiss Indictment - #16, Ex. A).

On March 13, 2003, Defendant pleaded guilty to the burglary charge in exchange for the state agreeing to a reduction to a class A misdemeanor pending successful completion of probation. (Motion to Dismiss Indictment - #16, Ex. A). Defendant also pleaded guilty to the

1

controlled substance charge and agreed to enter into a diversion program on that charge. (Motion to Dismiss Indictment - #16, Ex. A).  On April 4, 2002, Defendant was sentenced to an indeterminate term of not to exceed five years in the Utah State Prison and the prison term was suspended.  (Motion to Dismiss Indictment - #16, Ex. A).  Defendant was placed on probation for 36 months and given 60 days in the county jail on the burglary charge.  On August 11, 2003, Utah Probation and Parole filed a motion to terminate Defendant's probation. The motion was granted and Dukes successfully completed probation on August 15, 2003, 15 months prior to his arrest in the present matter.  (Motion to Dismiss Indictment - #16).

## DISCUSSION

Defendant moves to dismiss his federal indictment under Rule 12(b) of the Federal Rules of Criminal Procedure, which allows the consideration at the pretrial stage of any defense that "is capable of determination without the trial of the general issue."  A motion to dismiss is generally "capable of determination" before trial if it involves questions of law rather than fact.  United States v. Nukida, 8 F.3d 665, 669 (9th Cir. 1993), *appeal after remand,* 87 F.3d 1324 (9th Cir.1996).  Defendant claims the indictment should be dismissed because his prior state conviction does not fall within the federal statute's definition of a crime punishable by a term of imprisonment of more than one year as described in 18 U.S.C. § 921(a)(20).

18 U.S.C. § 922(g)(1) states in pertinent part, that:

> "...it shall be unlawful for any person, who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, to possess any firearm or ammunition, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

The term "crime punishable by imprisonment for a term exceeding one year" is defined by 18 U.S.C. § 921(a)(20), which states that the term does not include "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20).  Under § 921(a)(20), any conviction which has been expunged, or set aside or for which a person has had civil rights restored shall not be considered a conviction, unless such expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.  18 U.S.C. §

921(a)(20). What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Id.

Defendant challenges his indictment because he claims his state felony conviction was reduced to a misdemeanor and therefore, the predicate felony conviction is lacking for him to be charged as a felon-in-possession under 18 U.S.C. § 922(g)(1).

### Underlying State Conviction

Defendant argues that his felony conviction has been expunged or set aside because he met the requirements of the Utah statute for reducing his felony conviction to a misdemeanor and therefore, his prior felony conviction cannot be used as a predicate felony under § 922(g)(1). To determine whether Defendant's conviction was expunged or set aside, the court must look to the law of Utah, the state in which the predicate conviction arose. See, United States v. Gomez, 911 F.2d 219, 220 (9th Cir.1990). This is because under § 921(a)(20), it is state law that determines whether there is a qualifying predicate felony conviction. U.S. v. Marks, 379 F.3d 1114, 1117 (9th Cir. 2004). Once the fact of felony conviction has been established according to state law, federal law governs prosecutions under § 922(g)(1). Id.

Utah Criminal Code § 76-3-402(2) states in relevant part, that a conviction for a third degree felony is to be considered a class A misdemeanor if:

> "....(b)(i) the imposition of the sentence is stayed and the defendant is placed on probation, whether committed to jail as a condition of probation or not; (ii) the defendant is subsequently discharged without violating his probation; and (iii) the judge *upon motion* and notice to the prosecuting attorney, and a hearing if requested by either party or the court, finds it is in the interest of justice that the conviction be considered to be for a class A misdemeanor." (emphasis added).

Defendant has not met the final condition of § 76-6-402(2) because he did not file a 402B motion for a reduced conviction. Defendant claims that he complied with this requirement with the motion for termination of probation, filed in August of 2003. (Motion to

3

Dismiss Indictment - #16). However, this motion did not specifically request or seek a 402B reduction of the conviction. Furthermore, Defendant did not file any motion specifically requesting a 402B reduction of the conviction. Where no evidence has been presented to suggest that the conviction has been expunged, set aside or the civil rights restored, the felony conviction must stand. *See e.g,* U.S. v. Fisher, 137 F.3d 1158, 1166 (9th Cir. 1998). Furthermore, the government must only prove that at the time Defendant possessed the firearms, he had been convicted of a crime punishable by imprisonment for a term of more than one year. Id.

Here, Defendant was convicted of a felony that carried a sentence of up to five years. This conviction meets the definition of "crime" found in §§ 921(a)(20) and 922(g)(1). Defendant was given the opportunity to have this felony conviction reduced to a misdemeanor, but he failed to take the proper steps under the Utah statute to have the conviction reduced. The statute specifically states that a motion must be made to the court for the conviction to be considered for a class A misdemeanor reduction. Defendant did not make this specific motion to the Utah courts even though he had over 15 months to do so. Accordingly, the Court finds that at the time of Defendant's federal arrest, Defendant had a felony conviction punishable by a term exceeding one year, which serves as a predicate offense for purposes of § 922(g)(1).

This result is consistent with the law in the Ninth Circuit. The Ninth Circuit has held that the policy and congressional purpose of § 922(g) are served by requiring a felon to clear his felony record before possessing a firearm, no matter what infirmity infects his prior felony conviction. U.S. v. Padilla, 387 F.3d 1087, 1091 (9th Cir. 2004). The language of 18 U.S.C. § 921(a)(20), which refers to a conviction that "has been expunged, ... or for which a person has been pardoned or has had civil rights restored," suggests that the expungement, pardon,

4

or restoration of civil rights must occur before the felon takes possession of a firearm. The Court in <u>Padilla</u> explained,

> "The controlling state determination operates only *prospectively,* so that *after* the expungement, pardon, or restoration of civil rights that felony conviction no longer serves to impose a firearm disability. [It] does not mean, however, 'that such a conviction was not disabling between the time it was obtained and the time it was set aside.'"

Padilla, 387 F.3d at 1092, citing <u>United States v. Kahoe</u>, 134 F.3d 1230, 1233 (4th Cir. 1998). Under this analysis, the Utah felony conviction satisfies the requirements of § 922(g)(1) and the indictment should not be dismissed.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Indictment (#16) is DENIED.

DATED: This 3rd day of January, 2006.

_____
Brian Sandoval
United States District Judge